UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAPA MBOW<br>3603 38th Street NW, Apt. #101<br>Washington, DC 20016,<br><br>    Plaintiff,<br><br>    vs.<br><br>MENTORA COLLEGE, INC.<br>1510 H Street NW<br>Washington, DC 20005,<br><br>    Defendant. | Civil Action No. _____<br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

**INTRODUCTION**

1.      Plaintiff Papa Mbow brings this action under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 207, 215, and the District of Columbia Minimum Wage Revision Act of 1992 (DCMWA), D.C. Code §§ 32-1003, 32-1010, against defendant Mentora College (Mentora) for failing to pay overtime wages and for retaliating against plaintiff by terminating him for raising a complaint asserting his statutory right to overtime pay.

2.      Mr. Mbow's most recent position at Mentora was Student Services Coordinator. His responsibilities included maintaining the student residences and greeting foreign students upon their arrival in the United States.

3.      On occasion during the course of his employment with Mentora, Mr. Mbow worked in excess of 40 hours during a single week without receiving overtime compensation.

4. On January 29, 2014, Mr. Mbow worked approximately 5.5 hours in addition to his 8-hour day while greeting an arriving group of students. This resulted in Mr. Mbow working 5.5 hours in excess of his regular 40-hour week. He recorded those hours and requested overtime pay, but Mentora refused his request.

5. Despite Mr. Mbow communicating to his supervisors his belief that Mentora owed him overtime wages, Mentora refused to pay Mr. Mbow overtime. On February 23, 2014, Mr. Mbow sent an email to his supervisor explaining that if Mentora did not pay the overtime wages he was owed, he would file a complaint with the U.S. Department of Labor. Mentora fired Mr. Mbow within hours of receiving that email.

6. In sum, Mentora College refused to pay Mr. Mbow the overtime wages it owed him under FLSA and DCMWA and then, when Mr. Mbow complained about the violation, fired him in retaliation. To compensate for the overtime wages he was denied and for the wages he lost as a result of his termination, Mr. Mbow seeks relief from this Court.

**PARTIES**

7. Plaintiff Papa Mbow is an individual residing at 3603 38th Street, Apt. #101, Washington, D.C., 20016, who was employed by Mentora from October 2010 to February 2014.

8. Defendant Mentora College is a school offering English language classes to foreign students. It is located and incorporated in Washington, D.C. Its office is located at 1510 H Street NW, Washington, D.C., 20005.

9. Defendant engages in commerce as defined under § 3 of FLSA, 29 U.S.C. §§ 203(s)(1)(A)(ii) and 29 U.S.C. §203(s)(1)(B).

10. During all times relevant herein, the Plaintiff was an employee of employer defendant Mentora as both terms are defined under § 3 of FLSA, 29 U.S.C. § 203(d)-(e), and under DCMWA, D.C. Code §32-1102(2)-(3).

## JURISDICTION AND VENUE

11. This Court has jurisdiction over Plaintiff's claim pursuant to 28 U.S.C. §§ 1331 and 1337 and under FLSA, 29 U.S.C. § 216(b).

12. Venue is appropriate pursuant to 28 U.S.C. § 1391(b) because the defendant's place of business is in Washington, D.C.

## FACTUAL ALLEGATIONS

13. Plaintiff Papa Mbow was employed by Mentora College from October 2010 until February 24, 2014.

14. Between approximately October 2010 and October 2011, Mr. Mbow worked part-time as an administrative assistant in Mentora's main office. In this role, his responsibilities included basic secretarial and administrative tasks under the supervision of Mentora's former director, Gokhan Coskun.

15. Between approximately October 2011 and October 2012, Mr. Mbow was employed by Mentora in a full-time salaried position as Student Activities Coordinator. As the Student Activities Coordinator, Mr. Mbow would organize field trips and events for foreign students in and around Washington, D.C.

16. Between approximately October 2012 and February 24, 2014, Mr. Mbow was employed by Mentora in a full-time salaried position as Student Services Coordinator. In that role, Mr. Mbow oversaw the student apartments to ensure that they were fully furnished and responded to student concerns about their housing. Mr. Mbow communicated with students and

building managers about any issues with the student housing and then consulted with his supervisors about how to remedy the problems. Mr. Mbow consulted with his supervisors to obtain approval for any purchases or repairs necessary for the upkeep of the apartments.

17. As Student Activities Coordinator and Student Services Coordinator, Mr. Mbow sometimes worked more than 40 hours in a single week. In particular, Mr. Mbow was often asked to work more than 40 hours in a work week when groups of foreign students were arriving from abroad, and Mr. Mbow was tasked with greeting them at the airport, often late in the evening.

18. Mr. Mbow's superiors were aware he was working in excess of 40 hours, either because they explicitly asked him to work additional hours or because Mr. Mbow requested and was granted compensatory time.

19. When Mr. Mbow was granted compensatory time, it was not part of a formal agreement, but was granted on an *ad hoc* basis, and only when requested by Mr. Mbow. It was not consistently granted, and was not always granted within the same work week in which Mr. Mbow had worked over 40 hours.

20. On Wednesday, January 29, 2014, Mr. Mbow worked late to greet a group of students arriving from Turkey. Mr. Mbow spent the evening preparing the apartments and ensuring that there would be food waiting for the students upon their arrival. As a result, Mr. Mbow worked approximately 45.5 hours in the work week beginning on January 26, 2014.

21. On February 10, 2014, Mr. Mbow submitted a time sheet for approval by his supervisor, Annemarie Fowler, documenting the hours he worked on January 29th and requesting overtime pay for them.

22. Ms. Fowler told Mr. Mbow both orally and in writing that Mentora does not pay overtime for salaried employees, and she refused to approve the request.

23. On February 14, 2014, Mr. Mbow raised the issue at a staff meeting, where Ms. Fowler again stated that Mentora would not pay him overtime wages.

24. Also on February 14, 2014, Timur Edib, an attorney who, upon information and belief, handles certain discrete legal matters for Mentora, spoke to Mr. Mbow and claimed that Mentora did not owe Mr. Mbow overtime because, as an administrative employee, Mr. Mbow was exempt from overtime.

25. Mr. Mbow sent an email on February 18, 2014, to his supervisor Annemarie Fowler and Mentora's director Ahmet Kose. In that email, he reiterated the basis for his right to overtime and explained why the administrative exemption raised by Mr. Edib did not apply to his position.

26. Over the course of these exchanges, there was increasing hostility directed at Mr. Mbow from Mentora's management. This included, but was not limited to, an event on February 19, 2014, when Mr. Mbow received flowers at the office. Mr. Edib implied that receiving packages at the office was illegal in Mr. Mbow's case, even though employees had often received packages at the office without complaint.

27. At 6:29 p.m. on Sunday, February 23, 2014, Mr. Mbow sent Ms. Fowler an email reiterating his overtime claim and stating that if Mentora would not agree to pay him overtime, he would "have no choice but to file a complaint with the Department of Labor." He went on to say, "I meant what I said about filing a complaint for the overtime I am due. I would like to hear from you no later than Wednesday." In his email, Mr. Mbow explained that his motivation was not financial; for him it was "about respect and employee rights."

28. The next morning, February 24, 2014, Mr. Mbow checked his email and saw that he had received an email overnight informing him that he was terminated, effective immediately.

29. In the brief email, Mentora's stated reason for Mr. Mbow's termination was "a reduction in force."

30. Despite diligent efforts to find employment, Mr. Mbow was unemployed from February 24, 2014, until June 30, 2014, as a result of Mentora's retaliatory actions.

31. Before he was terminated, Mr. Mbow was paid at a biweekly rate of $1,017.69, which corresponds to an hourly rate of $12.72.

## CAUSES OF ACTION

### COUNT ONE: Fair Labor Standards Act (FLSA), 29 U.S.C. § 207

32. Plaintiff re-alleges and incorporates herein the allegations set forth in paragraphs 1 to 31.

33. FLSA requires employers to compensate covered employees at a rate equal to one-and-a-half times their regular wage for any hours worked in excess of 40 hours in one week. 29 U.S.C. § 207(a)(1).

34. Between 2010 and 2014, Mr. Mbow was an employee, and Mentora was his employer within the meaning of FLSA § 3, 29 U.S.C. §203(d)-(e).

35. Between 2010 and 2014, Mentora was an "enterprise engaged in commerce" whose gross annual business exceeded $500,000 and an "institute of higher education." 29 U.S.C. § 203(s)(1)(A)(ii); 29 U.S.C. § 203(s)(1)(B).

36. Between 2010 and 2014, Mentora failed to properly classify Mr. Mbow as an employee covered by the overtime requirement of FLSA even though Mr. Mbow's position did not fall under any exemption to FLSA. 29 U.S.C. § 213.

37. Mr. Mbow sometimes worked, at the direction and for the benefit of Mentora, more than 40 hours in one week.

38. Mentora failed and refused to pay Mr. Mbow time-and-a-half for the overtime hours he worked.

39. Mentora's refusal to pay Mr. Mbow time-and-a-half for the overtime hours he worked violated 29 U.S.C. § 207(a)(1).

## COUNT TWO: FLSA Retaliation, 29 U.S.C. § 215

40. Plaintiff re-alleges and incorporates herein the allegations set forth in paragraphs 1 to 31.

41. FLSA makes it unlawful to discharge an employee because the employee has filed a complaint under the provisions of FLSA. 29 U.S.C. § 215(a)(3).

42. Mentora violated this provision of FLSA because: (1) Mr. Mbow was engaged in a protected activity; (2) Mentora was aware of the activity; (3) Mr. Mbow suffered an adverse employment action when he was fired; and (4) there was a causal connection between the protected activity and the adverse employment action.

43. Mr. Mbow was engaged in a protected activity when he complained that FLSA required Mentora to pay him overtime and put Mentora on notice of his intent to assert his statutory rights by filing a complaint with the Department of Labor.

44. Mentora was made aware of the protected activity through Mr. Mbow's repeated emails to his supervisors.

45. Mr. Mbow experienced hostility from Mentora management after asserting his right to overtime pay.

46. Mr. Mbow was terminated on February 24, 2014.

47.   The extreme temporal proximity between Mr. Mbow's email the evening of February 23, 2014, and his termination the following morning creates a strong inference of a causal connection between his protected activity and his termination.

48.   Upon information and belief, no other staff reductions had occurred at the time of Mr. Mbow's termination, and there were no changes in Mentora's business that warranted a staff reduction.

### COUNT THREE: DCMWA, D.C. Code § 32-1003(c)

49.   Plaintiff re-alleges and incorporates herein the allegations set forth in paragraphs 1 to 31.

50.   DCMWA requires employers to compensate covered employees at a rate equal to one-and-a-half times their regular wage for any hours worked in excess of 40 hours in one week. D.C. Code § 32-1003(c).

51.   Between 2010 and 2014, Mr. Mbow was a covered employee under DCMWA and Mentora was his employer.

52.   Mr. Mbow on occasion worked more than 40 hours in one week.

53.   Mentora failed and refused to pay Mr. Mbow time-and-a-half for the overtime hours he worked.

54.   By failing and refusing to pay Mr. Mbow time-and-a-half for the overtime hours he worked, Menora violated D.C. Code § 32-1003(c).

### COUNT FOUR: DCMWA Retaliation, D.C. Code § 32-1010(3)

55.   Plaintiff re-alleges and incorporates herein the allegations set forth in paragraphs 1 to 31.

56. DCMWA makes it unlawful to discharge an employee because the employee has filed a complaint under the provisions of DCMWA. D.C. Code § 32-1010(3).

57. Mentora violated this provision of DCMWA because: (1) Mr. Mbow was engaged in a protected activity; (2) Mentora was aware of the activity; (3) Mr. Mbow suffered an adverse employment action when he was fired; and (4) there was a causal connection between the protected activity and the adverse employment action.

58. Mr. Mbow was engaged in a protected activity when he stated his belief that FLSA required Mentora to pay him overtime, and when he expressed an intention to file a complaint to that effect.

59. Mentora was made aware of the protected activity through Mr. Mbow's repeated emails to his supervisors.

60. Mr. Mbow experienced hostility from Mentora management after asserting his right to overtime pay.

61. Mr. Mbow was terminated on February 24, 2014.

62. The extreme temporal proximity between Mr. Mbow's email the evening of February 23, 2014, and his termination the following morning create a strong inference of a causal connection between his protected activity and his termination.

63. Upon information and belief, no other staff reductions had occurred at the time of Mr. Mbow's termination, and there were no changes in Mentora's business that warranted a staff reduction.

**RELIEF REQUESTED**

WHEREFORE, plaintiff prays that this Court:

A. Award plaintiff an amount equal to his unpaid overtime wages and an additional equal amount in liquidated damages, pursuant to 29 U.S.C. § 216(b) and D.C. Code § 32-1012(a);

B. Award plaintiff such legal and equitable relief as appropriate to effectuate the purposes of FLSA and DCMWA's anti-retaliation provisions, including but not limited to compensatory damages and liquidated damages, pursuant to 29 U.S.C. § 216(b) and D.C. Code § 32-1012(a);

C. Award plaintiff reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b) and D.C. Code § 32-1012(c); and

D. Grant such other relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury for all claims presented.

October 8, 2014

  /s/ Michael T. Kirkpatrick
Michael T. Kirkpatrick (D.C. Bar No.486293)
Meghan Boone (D.C. Bar No. 1006894)
Institute for Public Representation
Georgetown University Law Center
600 New Jersey Avenue, Suite 312
Washington, DC 20001
Phone: (202) 662-9535
Fax: (202) 662-9634
Email: michael.kirkpatrick@law.georgetown.edu
           mmb302@law.georgetown.edu

*Attorneys for the Plaintiff*